IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL JON BROWN | ) | CASE NO. 4:10CV1000 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Paul Jon Brown ("Brown"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He states in his Petition that he is serving a sentence of 96 months for violation of 18 U.S.C. § 2252(a)(4)(b), (a)(2) and (a)(1) which pertains to certain activities relating to material involving the exploitation of minors that was imposed in the United States District Court for the Eastern District of Pennsylvania. His projected release date is December 25, 2012. Petitioner asserts that he is entitled to Residential Re-entry Center ("RRC") placement for 12 months.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). Since Whitaker is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition

under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). On April 15, 2009, Brown requested the 12 month placement in a halfway house during a conference with a case manager. He was told to expect a 30-45 day placement. About two weeks later he completed a BP8 Form - Request for Administrative Remedy regarding halfway house placement. Brown was informed that he would be recommended for RRC placement when he was 17-19 months from release. On May 6, 2009, he filed a BP9 Administrative Remedy Form. A prison official responded that his request for RRC placement was early and that it would be considered at the proper time. Despite this knowledge, Brown continued to appeal by filing a BP 11 Form on August 11, 2009. The final rejection occurred on November 4, 2009. It appears that Brown has exhausted his administrative remedies.

Brown asserts that his due process rights have been violated by the Respondent's misinterpretation of the Second Chance Act depriving him of the fair consideration of the five factors listed in 18 U.S.C. § 3621(b), individual rather than categorical assessment, and placement in the community for a sufficient time to provide the greatest likelihood of successful reintegration into the community. He request a fair consideration and appropriate application of the Second Chance Act.
The Regional Director of the Bureau of Prisons' interpretation of the Second Chance Act is allegedly contrary to the clear congressional intent for enhanced and improved use of community correction. In his request for relief, Brown seeks an order from the Court that he be released on December 26, 2011 for RRC placement.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the Bureau of the of Prisons shall "ensure that a prisoner serving a term of imprisonment spends a portion of the

final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result of this statute and the new 12-month maximum placement, the Bureau of Prisons ("BOP") "issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" *Ramirez v. Eichenlaub,* 2008 WL 4791892 * 3 (E.D. Mich., Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir. 2008).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May 17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for up to a twelve month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh v. Hickey*, 2010 WL 1959308 * 3 (E.D. Ky., May 17, 2010).

Brown attempted to invoke the Second Chance Act provisions long before the 17-19 month time period. He was informed that his application was early. Yet he persisted to no avail. There is no indication that he may not reapply at the appropriate time. Furthermore, this Court does not have

the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Brown for placement. As this will occur at the appropriate time, there is no relief that can be provided by this Court

Brown's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED

                                                 */s/Dan Aaron Polster 7/6/10*
                                                 JUDGE DAN AARON POLSTER
                                                 UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.